IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULLA LUNDGREN, dba A STEP FORWARD SHOES,<br><br>          Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA, N.A., a National Banking Association; BANK OF AMERICA CORPORATION; a Delaware Corporation,<br><br>          Defendants.<br>————————————————————/ | No. C 11-00758 CW<br><br>ORDER GRANTING IN PART BANK OF AMERICA'S MOTION TO DISMISS AND DENYING IT IN PART (Docket No. 4) |

Defendants Bank of America, N.A. and Bank of America Corporation (collectively, Bank of America) move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Ulla Lundgren's complaint. Docket No. 4. Plaintiff opposes the motion. Having considered all of the parties' submissions and oral argument, the Court GRANTS IN PART Bank of America's motion to dismiss, and DENIES IT IN PART.

                         BACKGROUND

Plaintiff has alleged causes of action based on the following facts.

In 2003, Plaintiff opened a checking account at a branch of Bank of America located in Oakland, California. The deposits in the account stood to Plaintiff's credit, for her use and benefit, and were governed by the terms and conditions set forth in the passbook and a signature card contract. Withdrawals were

**United States District Court**
For the Northern District of California

permitted from the account only by check or other order bearing Plaintiff's signature.   Also in 2003, Plaintiff hired Catherine Bullard as a bookkeeper for her business.   From about 2005 through 2010, Bullard prepared checks without Plaintiff's knowledge and authorization payable to various vendors from which Plaintiff purchased inventory.   The checks were not made in response to invoices from said vendors and were not intended by Bullard to be paid to the vendors.   The checks were never tendered to the vendors.   Instead, Bullard deposited the checks into her own personal account or that of others, using Bank of America's ATM machines.   Many of these forged checks lacked an endorsement.   The forged checks, including those without endorsements, were paid by Bank of America.   Although the number of forged checks and their total amount is not alleged, Plaintiff believes that she was defrauded of at least $250,000.   Plaintiff alleges that Bank of America acted both as the payor and depositary bank[1] with respect to the forged checks.

In or about early 2009, Plaintiff discovered the forged checks and demanded that Bank of America replace and re-credit to her account the total sum of all of the forged checks.   Bank of America, however, credited to Plaintiff's account only certain

---

[1] The "payor bank" is the bank which has the check writer's checking account from which the check is to be paid.   In re McMullen Oil Co., 251 B.R. 558, 566 (C.D. Cal. 2000).   The "depositary bank" is the "first bank to take an item even though it is also the payor bank, unless the item is presented for immediate payment over the counter."   Cal. Com. Code § 4105(2).

checks, totaling $2,300, and refused to restore the remaining amount.  Plaintiff does not specifically allege the date when she reported the forged checks to Bank of America, but the Court assumes that she reported them in early 2009, when she discovered them.

On or about May 31, 2009, Plaintiff submitted a complaint against Bullard, although not against Bank of America, to the Comptroller of the Currency, Administrator of National Banks, regarding the forged checks.  The Comptroller assigned a case number, but, as of the date this action was filed, the administrative complaint had not been resolved.

On December 30, 2010, Plaintiff filed this suit in Alameda County Superior Court.  Bank of America removed the action to federal court on February 18, 2011.  Essentially, through this action, Plaintiff seeks to recover from Bank of America the amounts Bullard allegedly stole from her.  Plaintiff seeks to recover the amounts paid through the forged checks, as well as general damages, not less than $1,000,000, resulting from her inability to pay her creditors, injury to her reputation and difficulty in obtaining credit.

Plaintiff's complaint alleges four causes of action.  The first cause of action is asserted against the Bank of America, as payor bank, to recover payments charged to Plaintiff's account based on the forged checks.  The first cause of action refers to California Uniform Commercial Code sections 3401, 3403 and 4401.

Plaintiff's second cause of action, alleged against Bank of America as depositary bank, seeks recovery based on the bank's failure to exercise ordinary care in accepting for deposit into Bullard's account checks that were not made out to her and were not endorsed.  This cause of action cites California Uniform Commercial Code sections 3103(a)(7), 3404(d), 3405(b) and 4401.

Plaintiff's third cause of action is for "negligence per se" against Bank of America, both as the payor and the depositary bank.  The claim cites California Evidence Code section 669 and incorporates the provisions of the California Uniform Commercial Code referred to in the first and second causes of action. Finally, Plaintiff alleges a fourth cause of action for a constructive trust.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  On a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this

principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

DISCUSSION

I. Untimeliness and Preclusion of Plaintiff's Claims

Bank of America argues that two statutory provisions bar Plaintiff's claims based on untimeliness and issue preclusion.

A. California Code of Civil Procedure § 340(c)

First, Bank of America contends that the statute of limitations set forth in California Code of Civil Procedure section 340(c) applies to all of Plaintiff's claims.  Section 340(c) establishes a one year statute of limitations for an action by a depositor against a bank for the payment of a forged check. The one year limitations period under section 340(c) begins to run when the bank furnishes to its customer a bank statement addressing the check at issue and the cancelled check.  Mac v. Bank of America, 76 Cal. App. 4th 562, 565 (1992).

Plaintiff counters that the three year statute of limitations period established by California Uniform Commercial Code § 4111 applies to all of her claims.  Section 4111 applies to disputes between banks and their depositors in connection with the collection and payment of items.

Whether the enactment of section 4111 abrogated the earlier established one year limitations period set forth in section

5

340(c) is addressed in <u>Chatsky and Associates v. Superior Court,</u>
117 Cal. App. 4th 873, 880 (2004).  <u>Chatsky</u> reasoned that nothing
in the language or history of section 4111 indicated that the
legislature intended to repeal section 340(c), and the provisions
were reconcilable because section 4111 generally applies to
actions arising between banks or a bank and its customers "to
enforce an obligation, duty, or right," whereas section 340(c)
expressly concerns an action by a depositor against its bank for
the payment of a forged check.  <u>Id.</u> at 878-879.

Plaintiff also asserts the doctrine of equitable tolling to
argue that the statute of limitations on her claims should be
tolled as of May 31, 2009, the approximate date when she initiated
her administrative complaint against Bullard with the
Comptroller's office.  Plaintiff represents that the Comptroller
advised her not to file a civil action during the administrative
investigation because the administrative complaint would enable
her to seek restitution from Bullard.  She does not represent that
the Comptroller advised her not to file suit against the bank.

The doctrine of equitable tolling generally focuses on a
plaintiff's excusable ignorance of the limitations period and on a
lack of prejudice to the defendant.  <u>Naton v. Bank of California,</u>
649 F.2d 691, 696 (9th Cir. 1981).  Equitable tolling may also
apply "'[w]hen an injured person has several legal remedies and,
reasonably and in good faith, pursues one.'"  <u>Daviton v.</u>
<u>Columbia/HCA Healthcare Corp.,</u> 241 F.3d 1131, 1136 (9th Cir. 2001)

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

(citing <u>Elkins v. Derby</u>, 12 Cal. 3d 410, 414 (1974)).  Bank of America responds that equitable tolling is unwarranted in the present case.  It contends that equitable tolling for pursuit of an alternative remedy requires that the plaintiff seek the alternative remedy against the same defendant as named in the second proceeding.  In <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1276 n.3 (1993), the Ninth Circuit stated that, although several of the defendants in the federal action were not parties to the plaintiff's prior administrative proceeding, there was a sufficiently close relationship between them and the party named in the prior proceeding that a "kind of evidentiary privity would justify overlooking their nominal absence" for purposes of determining whether equitable tolling was warranted.  <u>Id.</u>  Here, however, there does not appear to be a close relationship between Bullard and the Bank of America.  Equitable tolling does not apply.

Because Plaintiff concedes that her first cause of action is a claim to recover for the bank's payment of forged checks, under <u>Chatsky</u>, the one year limitations period in section 340(c) governs that cause of action.  Accordingly, Plaintiff may not recover on her first cause of action for checks which Bank of America included in a statement before December 30, 2009, one year before the date she filed this lawsuit.

As noted above, Bank of America also contends that section 340(c) applies to Plaintiff's second cause of action against it as

depositary bank, for accepting for deposit checks not made out to Bullard and unendorsed.  The Bank relies on Mac, 76 Cal. App. 4th at 565; Roy Supply, Inc. v. Wells Fargo Bank, 39 Cal. App. 1051, 1064, 1065 (1995); and Union Tool Company v. Farmers' & Merchants' National Bank, 192 Cal. 40, 51 (1923).  The Bank's authorities are unavailing because these cases involved claims against payor banks for payment of checks on forged signatures and endorsements, as opposed to claims for depositing checks with no endorsement.

Bank of America argues that forgery is defined to include checks deposited without endorsements.  It cites Uniform Commercial Code sections 1-201(41) and 3-403(b), and comment ¶ 4 to § 3-403(b), in support of this proposition.  The California Uniform Commercial Code sections analogous to these provisions do not define forgery, but rather establish that forgeries are included within the California Uniform Commercial Code's definition of unauthorized signature, and address authorized signatures in the context of checks requiring more than one signature to authorize payment.  These sections do not define unendorsed checks as forgeries.

Bank of America also relies on California Uniform Commercial Code section 3404, which assigns liability to payor and depositary banks that fail to exercise ordinary care with respect to a check issued to a fictitious payee.  This provision likewise does not define an unendorsed check as a forgery for purposes of bringing it within the scope of section 340(c).

United States District Court
For the Northern District of California

Thus, section 340(c) does not apply to a claim for a bank's negligence in accepting for deposit checks without an endorsement into an account held by a person or entity other than the payee named on the check. Instead, the three year statute of limitations of California Uniform Commercial Code section 4111 applies to Plaintiff's second cause of action for negligence.[2] Section 4111 bars Plaintiff's second claim with respect to checks negligently deposited by Bank of America where the checks were deposited, and the claim accrued, more than three years prior to the date this lawsuit was filed, that is, December 30, 2007.

B. California Uniform Commercial Code § 4406

Bank of America also argues that California Uniform Commercial Code sections 4406 (d) and (f) preclude Plaintiff's first and second causes of action. Section 4406, under certain circumstances, bars a customer's assertion of claims against a bank for payment of an unauthorized item. Section 4406(a) provides that a bank issuing an account statement to a customer showing items paid from the account shall provide information in the statement sufficient to allow the customer reasonably to identify the items paid. Cal. Com. Code. § 4406(a). Section

---

[2] Plaintiff also appears to argue that a three year statute of limitations period applies based on section 338 of the California Code of Civil Procedure. Plaintiff relies on Sun 'n Sand v. United California Bank, 21 Cal. 3d 671 (1978). However, that case is not authority establishing that the limitations period in section 338 governs Plaintiff's negligence claim. Roy Supply, 39 Cal. App. at 1070 n.20.

4406(c) states that, if a bank issues an account statement pursuant to subdivision (a), the customer is obliged to examine the statement promptly to determine whether any payment was not actually authorized.  Cal. Com. Code § 4406(c).  In the event that a customer fails to comply with subdivision (c), the customer is precluded by section 4406(d)(2) from asserting against the bank

> [t]he customer's unauthorized signature or alteration
> . . . on any item paid in good faith by the bank if
> the payment was made before the bank received notice
> from the customer of the unauthorized signature or
> alteration and after the customer had been afforded a
> reasonable period of time, not exceeding 30 days, in
> which to examine the item or statement of account and
> notify the bank.

Cal. Com. Code § 4406(d)(2).

Plaintiff argues that her claims are not precluded by section 4406(d)(2) due to section 4406(e).  Section 4406(e) states,

> If subdivision (d) applies and the customer proves
> that the bank failed to exercise ordinary care in
> paying the item and that the failure contributed to
> loss, the loss is allocated between the customer
> precluded and the bank asserting the preclusion
> according to the extent to which the failure of the
> customer to comply with subdivision (c) and the
> failure of the bank to exercise ordinary care
> contributed to the loss.  If the customer proves that
> the bank did not pay the item in good faith, the
> preclusion under subdivision (d) does not apply.

Cal. Com. Code § 4406(e).  Espresso Roma Corporation v. Bank of America explained that preclusion under section 4406(d) may be avoided "by establishing that the bank failed to exercise ordinary care in paying the item and that the failure contributed to the

loss."  100 Cal. App. 4th 525, 528 (2002) (internal quotation marks and alterations omitted).  Although Plaintiff received regular monthly statements and failed to detect the fraud for over six years, Bank of America would still be liable for a portion of the loss if it also failed to exercise ordinary care in making payment and that failure contributed to Plaintiff's loss. Plaintiff's complaint alleges that Bank of America's payment of the checks was contrary to the duty of care it owed to her. Compl. at ¶¶ 15, 22 & 28.  Therefore, section 4406(d) does not preclude any of Plaintiff's claims at the pleading stage.

Bank of America also cites section 4406(f) for its preclusive effect.  In contrast to subdivision (d), section 4406(f) states, "Without regard to the care or lack of care of either the customer or the bank," a customer who does not, within one year after the statement is issued pursuant to subdivision (a), discover and report the unauthorized signature is precluded from asserting the signature against the bank.  Cal. Com. Code § 4406(f).

Plaintiff first appears to argue that Espresso Roma Corp. stands for the proposition that section 4406(e) trumps section 4406(f).  This is unpersuasive given the plain language of both provisions.  In addition, Espresso Roma Corp. did not address the defendant bank's section 4406(f) arguments because the court resolved the appeal based on sections 4406(d) and (e).  100 Cal. App. 4th at 528 n.2.

United States District Court
For the Northern District of California

Plaintiff also appears to rely upon <u>Sun 'n Sand v. United California Bank</u>, 21 Cal. 3d 671 (1978), for the proposition that section 4406(f) does not apply to her claims.  Indeed, <u>Sun 'n Sand</u> held that section 4406(4), the precursor to section 4406(f),[3] "did not suffice to displace the three-year statute of limitations ordinarily applicable" to the plaintiff's negligence claim.  21 Cal. 3d at 700.  The court in <u>Roy Supply</u> agreed with this holding, 39 Cal. App. 4th at 1069, but distinguished the negligence claim against the depositary bank in <u>Sun 'n Sand</u> from the negligence claim before it, which alleged that the payor bank had negligently made payment of certain checks over a forged signature, <u>id.</u> at 1068-70.  Although <u>Roy Supply</u> did not decide the applicability of section 4406(f) to claims based on missing endorsements, it noted that "any claim that is not dependent upon proof of forgery will not be precluded by section 4406[f], although the customer will still be precluded from asserting forgery in pursuing that claim." 39 Cal. App. 4th at 1073.

Bank of America incorrectly asserts that all of Plaintiff's claims rely on the existence of a forgery, and that checks deposited with missing endorsements should be treated as forged or otherwise unauthorized checks.  However, as noted earlier, the provisions cited by Bank of America, California Uniform Commercial

---

[3]Section 4406(4)'s renumbering as section 4406(f) in 1993 did not materially change the provision.  <u>Roy Supply</u>, 39 Cal. App. at 1064 n.13.

Code sections 1201(b)(41) and 3403(b), do not establish a broad enough definition of forgery or unauthorized signature to encompass Plaintiff's claims against Bank of America as a depositary bank for depositing checks without endorsements.

Thus, section 4406(f) precludes Plaintiff from asserting against Bank of America forgeries which were not discovered and reported to the bank within one year after the bank statement or items were otherwise made available to Plaintiff.  As noted earlier, Plaintiff has not alleged the precise date when she reported the forged checks to Bank of America, but presumably she reported them in early 2009 when she discovered them.  Thus, section 4406(f) precludes Plaintiff from asserting forged checks paid by Bank of America prior to early 2008.  This preclusion is likely moot in light of the one year statute of limitations addressed above.

However, section 4406(f) does not apply to Plaintiff's second cause of action alleging negligence independent of the bank's payment of forged checks and based instead on the bank's deposit of checks without any endorsement.

II. Negligence Per Se

Plaintiff's third cause of action alleges a claim for "negligence per se."  Bank of America argues that the California Uniform Commercial Code broadly precludes common law claims for negligence per se alleged against banks in relation to payment and collection of fraudulent checks.

The third cause of action cites California Evidence Code section 669.  Under section 669, it is presumed that a person has failed to exercise due care if he or she has violated a statute, ordinance or regulation.  Cal. Evid. Code § 669(a)(1).  Plaintiff's claim incorporates citations to California Uniform Commercial Code sections 3401, 3403, 3404 and 3405.  Plaintiff invokes the evidentiary presumption to establish negligence based on Bank of America's alleged statutory violations--specifically, its payment of Bullard's forged checks, and its failure to exercise ordinary care in accepting for deposit checks without endorsements that were not made out to Bullard.

The California Uniform Commercial Code does preempt claims for negligence against Bank of America as a payor bank for paying forged checks.  Roy Supply held that the California Uniform Commercial Code precluded common law claims for negligent payment of forged checks, brought in that case against the payor bank by owners of the account from which the payments were drawn.  39 Cal. App. 4th at 1058.

To the extent Bank of America argues that the California Uniform Commercial Code preempts Plaintiff's negligence claim in her second cause of action, that argument fails.  The bank cites Gil v. Bank of America, N.A., 138 Cal. App. 4th 1371, 1377-78 (2006).  Gil does not apply to Plaintiff's claim.  There the court found that California Uniform Commercial Code section 3420, authorizing a claim for conversion, preempted a negligence claim

United States District Court
For the Northern District of California

by a payee against a depositary bank for accepting a check without an endorsement.  However, Plaintiff in this case was not the payee on the checks; she is the owner of the account from which the checks were drawn.

Instead, this case is analogous to Joffe v. United California Bank, 141 Cal. App. 3d 541 (1993).  In Joffe, the California Court of Appeal reversed the trial court's dismissal of the plaintiffs' cause of action for negligence.  The plaintiffs were owners of the account from which the check at issue was drawn, and alleged their negligence claim against the depositary bank for acceptance of a check in which the named payee on the check differed from the endorsement and name of the account into which the check was deposited.  The court held that sections 1103 and 3406 of the California Uniform Commercial Code did not preempt the claims, and that the claim was cognizable.  Id. at 556-57.  See also E.F. Hutton & Co. v. City Nat. Bank, 149 Cal. App. 3d 60, 69 (1982) (holding that plaintiff's claim for negligence against a collecting bank was not preempted by California Uniform Commercial Code section 3405).

Plaintiff's third cause of action is dismissed and leave to amend is unwarranted.  A negligence claim as to the forged checks paid by Bank of America is statutorily preempted, and a claim as to the negligent deposit of the unendorsed checks, although not preempted, is duplicative of Plaintiff's second cause of action.

15

III. Constructive Trust

Plaintiff's fourth cause of action seeks to impose a constructive trust on Bullard's account.  "A constructive trust is an equitable remedy to compel a person who has property to which he is not justly entitled to transfer it to the person entitled thereto."  Weiss v. Marcus, 51 Cal. App. 3d 590, 600 (1975).  California Code of Civil Procedure section 2223 provides, "One who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner."  Cal. Code Civ. Proc. § 2223.

Originally Plaintiff alleged that Bullard had an account at Bank of America.  At the hearing on the present motion, Bank of America represented that Bullard's account had been closed.  Accordingly, Plaintiff withdrew her constructive trust claim because it was apparently moot.

IV. Conversion

Plaintiff seeks to add a claim for conversion against Bank of America.  Gil, 138 Cal. App. 4th at 1377, addresses a negligence claim by the payee against a depositary bank for acceptance of checks with missing endorsements.  After ruling that the common law claim was precluded by the California Uniform Commercial Code, Gil held that section 3420 of the Code, providing that the law applicable to conversion of personal property also applies to negotiable instruments, permits an action for conversion based on the acceptance for deposit of checks without endorsements.  In addition, In re McMullen Oil Co., 251 B.R. 558,

16

569 (C.D. Cal. 2000), states, "A bank may be liable for conversion when it permits the deposit of a check into a third party's account without the indorsement of the payee."  Bank of America does not object to allowing Plaintiff to amend her complaint to add a cause of action for conversion.

CONCLUSION

Bank of America's motion to dismiss is GRANTED in part. Plaintiff's first claim, to the extent that it is based on Bank of America's payment of forged checks, is barred under section 340(c) with respect to forged checks which were furnished and reported in a bank statement before December 30, 2009, one year prior to the date this lawsuit was filed.  Further, section 4406(f) precludes Plaintiff from asserting forged checks paid by Bank of America, where Plaintiff did not discover and report the forgeries to the bank within one year after the related bank statement was issued. Cal. Com. Code § 4406(f).

Plaintiff's second claim, alleging Bank of America's negligent deposit of checks without endorsements, is subject to a three-year statute of limitations.  Accordingly, Plaintiff may not recover on her second cause of action for checks negligently deposited by Bank of America where the claim accrued more than three years prior to the date this lawsuit was filed, that is, prior to December 30, 2007.  Section 4406(f) does not preclude this claim.

The third claim, for negligence per se, is dismissed.  To the extent the third cause of action is a common law negligence claim against Bank of America as a payor bank for paying forged checks,

**United States District Court**
For the Northern District of California

17

the claim is preempted by the California Uniform Commercial Code.
To the extent that the cause of action is a common law claim
against Bank of America for negligently accepting for deposit
checks missing endorsements and payable to payees other than
Bullard, the claim is dismissed because it is duplicative of
Plaintiff's second cause of action.

Plaintiff's fourth cause of action, for constructive trust,
is dismissed as moot.  Pursuant to the parties' agreement,
Plaintiff may amend her complaint to state a claim for conversion.

Plaintiff must file her amended complaint within fourteen
days from the date of this order.  Bank of America shall submit an
answer or motion to dismiss within twenty-one days from the date
Plaintiff files her amended complaint.  In the event a second
motion to dismiss is filed, the hearing shall be noticed for the
first Thursday the Court is available, at least thirty-five days
after the opening brief has been submitted.  The Clerk will
schedule a case management conference for the date the motion is
heard.  The parties shall appear for a case management conference
on November 29, 2011 at 2:00 pm if no further motion to dismiss is
filed.  A joint case management statement is due seven days prior
to the case management conference.

IT IS SO ORDERED.

Dated: 10/4/2011

CLAUDIA WILKEN
United States District Judge